IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ALICIA PLESHETTE GARDNER,      §
BOP #50369-177,                §
                               §
        Petitioner,            §
                               §
v.                             §        CIVIL ACTION NO. H-18-0067
                               §
MARNE BOYLE, Warden,           §
Federal Prison Camp,           §
Bryan, Texas, and Department   §
of Justice,                    §
                               §
        Respondents.           §

### MEMORANDUM OPINION AND ORDER

Alicia Pleshette Gardner (BOP #50369-177) is a federal prisoner incarcerated in the United States Bureau of Prisons ("BOP") at the Federal Prison Camp in Bryan, Texas. Gardner has filed a "[Petition] for Habeas Corpus Relief" under 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 1), challenging the administration of her sentence with respect to her consideration for executive clemency and the conditions of her confinement. After reviewing all of the pleadings and the applicable law, the court concludes that this case must be dismissed for the reasons explained below.

### I.  Background

In a judgment entered on May 5, 2017, Gardner was convicted of aggravated identity theft and sentenced to 24 months' imprisonment.

See United States v. Gardner, No. 3:15-cr-0465-D1 (N.D. Tex.). She did not pursue an appeal.

Gardner does not challenge her conviction or the validity of her sentence here. She seeks relief in the form of a writ of habeas corpus under 28 U.S.C. § 2241 to challenge procedures used to select prisoners for executive clemency. See Petition, Docket Entry No. 1, pp. 1-5. Gardner estimates that former President Barack Obama granted clemency to 1700 prisoners, most of whom were not "worthy candidates" in her opinion under criteria outlined in the Initiative on Executive Clemency ("IEC"), which reportedly went into effect in April 2014. See id. at 3-4. Noting further that female inmates made up less that 5% of the clemency recipients, Gardner contends that the President's clemency decisions were made in a discriminatory manner that violates her constitutional rights. See id. at 4-5.

In addition, Gardner objects to the enforcement of a policy by the Bureau of Prisons, outlined in a January 2017 "Transgender Offender Manual," that has resulted in housing male transgender inmates in facilities designated for female prisoners. See id. at 5-6. Gardner contends that this policy violates the constitution because these transgender inmates pose a "constant danger of physical and sexual assault" to female inmates. See id. at 6.

Gardner requests relief in the form of clemency and a court order transferring "all male inmates out of female federal prisons." See id. at 10.

## II.  Discussion

A writ of habeas corpus is available only where a prisoner can establish that she is unlawfully confined or "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In that respect, the federal habeas corpus statutes provide an avenue to attack the fact or duration of physical imprisonment and to obtain immediate or speedier release from confinement. See Preiser v. Rodriguez, 411 U.S. 475, 485-86, 93 S. Ct. 1827, 1834 (1973)(clarifying the scope of federal habeas review). Habeas corpus is not the proper vehicle to challenge the process by which clemency decisions are made when issuance of a writ would not actually or impliedly invalidate a sentence.[1] See Valle v. Secretary, Florida Dep't of Corrections, 654 F.3d 1266, 1267 (11th Cir. 2011) (citations omitted).

Claims concerning the conditions of confinement also are not actionable in a federal habeas corpus proceeding.  See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37

---

[1]To the extent that the petitioner claims she has a right to clemency, this argument is without merit because executive clemency is granted as "a matter of grace." Ohio Adult Parole Auth. v. Woodard, 523 U.S. 272, 280-81, 118 S. Ct. 1244, 1250 (1998); see Joubert v. Nebraska Bd. of Pardons, 87 F.3d 966, 968 (8th Cir. 1996) ("It is well-established that prisoners have no constitutional or fundamental right to clemency.").

F.3d 166, 168 (5th Cir. 1994); see also Nelson v. Campbell, 541 U.S. 637, 644, 124 S. Ct. 2117, 2122 (2004) (explaining that "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the core of habeas corpus]" and must be pursued in a civil rights suit); Spina v. Aaron, 821 F.2d 1126, 1127-28 (5th Cir. 1987) (allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in a civil rights action).

Because none of the petitioner's allegations are actionable in a habeas corpus petition, this case must be dismissed without prejudice for lack of jurisdiction.

## III. Conclusion

Based on the foregoing, the court **ORDERS** that the Petition for Writ of Habeas Corpus filed by Alicia Pleshette Gardner (Docket Entry No. 1) is **DISMISSED without prejudice**.

Petitioner's Motion for Issuance of Order to Show Cause Pursuant to 28 U.S.C. § 2243 (Docket Entry No. 4) is **DENIED**.

The Clerk will provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 19th day of January, 2018.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE